Filed 7/21/26  The Amah Mutsun Tribal Band v. County of San Benito CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE AMAH MUTSUN TRIBAL BAND,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>COUNTY OF SAN BENITO et al.,<br><br>Defendants;<br><br>HENRY RUHNKE et al.,<br><br>Real Parties in Interest and Appellants;<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA ex rel. ROB BONTA, as Attorney General,<br><br>Intervener and Respondent. | H053010<br>(San Benito County<br>Super. Ct. No. CU-22-00249) |
| CENTER FOR BIOLOGICAL DIVERSITY et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BENITO et al., | (San Benito County<br>Super. Ct. No. CU-22-00247) |

Defendants;

HENRY RUHNKE et al.,

Real Parties in Interest and Appellants;

THE PEOPLE OF THE STATE OF CALIFORNIA ex rel. ROB BONTA, as Attorney General,

Intervener and Respondent.

This appeal is from an order modifying a stipulated sealing order in litigation under the California Environmental Quality Act (CEQA; Pub. Resources Code, § 21000 et seq.). By stipulation of all parties then involved—including real parties in interest Henry Ruhnke, Thomas McDowell and Victoria McDowell Charitable Remainder Unitrust, and Thomas John McDowell and Victoria Knight McDowell, trustees (collectively, appellants or real parties) and petitioner the Amah Mutsun Tribal Band— the trial court sealed Volume III of the administrative record: The court agreed with the stipulating parties that the interest in protecting information about tribal cultural resources and government-to-government communications overrode the public's right of access. When the Attorney General was granted leave to intervene for the People of the State of California, the court modified its sealing order to grant the Attorney General access to the sealed records. In modifying the sealing order, the court did not address appellants' objection that granting the Attorney General access on behalf of "the People" meant Volume III should be unsealed as to all people. Without moving to unseal the record in the trial court, real parties appealed the order modifying the sealing order. Because real parties lack standing to appeal the modification order, we will dismiss the appeal.

## I.    BACKGROUND

### A.    *The Tribal Band's Petition for Writ of Mandate and Complaint*

The Amah Mutsun alleged that the County of San Benito, in approving appellants' plan to develop tribal ancestral lands, rushed to produce a flawed Environmental Impact Report without engaging "the [t]ribe in the kind of meaningful and timely consultation required under CEQA."  The Amah Mutsun asserted three causes of action:  (1) violation of CEQA; (2) violation of CEQA "provisions intended to protect tribal cultural resources, known collectively as 'AB 52' "; and (3) violation of state planning and zoning laws.

### B.    *The Sealing Order*

In 2023, the trial court entered a stipulated sealing order.  The parties to the litigation, including the Amah Mutsun and appellants, stipulated to organize the administrative record into three volumes, the third of which would "include the confidential tribal cultural resource and related consultation files to be lodged under seal."  The parties stipulated that good cause existed for sealing Volume III.  The court found that "an overriding interest in protecting … confidential information about tribal cultural resources and government-to-government consultation" overcame the right of public access to Volume III of the administrative record.  (Pub. Resources Code, § 21082.3, subds. (c)(1)–(2) & (f) [prescribing nondisclosure, subject to exception for confidential exchange of information, of "information submitted by a California Native American tribe during the consultation or environmental review process"]; *id.*, § 21084.3, subd. (b)(2)(C) [protecting confidentiality of tribal cultural resource].)  The court ordered access "restricted to the court and the parties and their respective attorneys" and prohibited the parties and their attorneys "from disclosing the contents of any materials that have been sealed in anything that is subsequently publicly filed."

### C.    *The Attorney General's Intervention*

In 2025, the Attorney General sought and received leave to intervene on behalf of the People.  The Attorney General's proposed petition for writ of mandate in intervention

included a single cause of action for violation of CEQA. Like the Amah Mutsun, the Attorney General alleged that the county rushed its CEQA review and failed to adequately consult the tribal band.

## D. *Modification to the Sealing Order and Appeal*

With its motion for leave to intervene, the Attorney General also moved to modify the sealing order "to grant the Attorney General's Office access to volume III of the administrative record." The Attorney General sought to access Volume III subject to the same conditions as the existing parties to the litigation.

Appellants opposed, arguing that if the Attorney General wanted to access the sealed records, the Attorney General had to demonstrate why the records should still be kept sealed from the public. Filing no motion of their own, appellants in their opposition urged the trial court to unseal the entire record to the public if the Attorney General was granted access. The county joined appellants' opposition, suggesting that sealing might be more narrowly tailored by publicly filing a redacted version of Volume III with only "specific information [that] requires protection" redacted.

The trial court granted the motion. It reasoned that the People's intervention was a "changed circumstance" justifying modification to permit the Attorney General access to the "Confidential Record" because the grant of leave to intervene made "the People … become a party to the case."

Appellants timely appealed.

## II. DISCUSSION

## A. *Appealability and Standing*

We begin by addressing whether the trial court's order modifying its earlier sealing order to permit the Attorney General to access the sealed records is appealable, an issue central to our jurisdiction. (See *Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 75 (*Mercury Interactive*).) The Attorney General moved to dismiss the appeal on the alternate grounds that the order is not appealable and that appellants

4

lack standing to prosecute their appeal. Having deferred the motion for consideration with the merits, we will now grant the motion and dismiss the appeal.[1]

Generally, only final judgments are appealable. (*Mercury Interactive*, *supra*, 158 Cal.App.4th at p. 76.) But several courts have determined that "[o]rders concerning the sealing and unsealing of documents are appealable as collateral orders." (*Overstock.com, Inc. v. Goldman Sachs Group, Inc.* (2014) 231 Cal.App.4th 471, 481, fn. 2 (*Overstock*); see also *Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1063–1064 (*Oiye*).)

The collateral order doctrine permits appeal from a final order on a collateral matter. (See *Mercury Interactive*, *supra*, 158 Cal.App.4th at p. 76.) The Supreme Court has explained that the appealed order " 'must direct the payment of money by appellant or the performance of an act by or against him.' " (*Ibid*., quoting *Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 119; see also *Sese v. Wells Fargo Bank N.A.* (2016) 2 Cal.App.5th 710, 716 [holding that order denying interim attorney fees was not appealable because it did not direct the payment of money or compel any act by or against the appellant].) The continued vitality of this requirement has come under some question, although its application has been described as the majority approach. (See *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 561–562 [discussing split of authority and applying requirement]; *Dr. V Productions, Inc. v. Rey* (2021) 68 Cal.App.5th 793, 797–799 [discussing split of authority]; *Muller v. Fresno Community Hospital & Medical Center* (2009) 172 Cal.App.4th 887, 902 [concluding that "the supposed limitations of a payment of money and the performance of an act are in actuality indications that the order in question is collateral to the main action," but a collateral order is appealable where a court is satisfied that it is "*truly collateral*"].)

---

[1] We also grant the Attorney General's May 6, 2025 application for leave to file a reply. We have considered the reply brief included with the application.

The modification order at issue here did not direct payment of money by appellants or the performance of an act by or against them. The order allowed the Attorney General access to the sealed records because the People had become a party to this litigation. The sensitive information to which the Attorney General was granted access was not sensitive to appellants. This case is therefore distinguishable from those finding that orders sealing or unsealing records were appealable. (Cf. *Mercury Interactive*, *supra*, 158 Cal.App.4th at pp. 68, 77, 107 [holding that unsealing was an act against defendants where trial court unsealed documents that had been produced by a defendant in discovery and designated confidential pursuant to a protective order before being filed under seal by the plaintiffs]; *Oiye*, *supra*, 211 Cal.App.4th at pp. 1047, 1062–1064 [holding that defendant could appeal order that sealed a declaration defendant submitted]; *Overstock*, *supra*, 231 Cal.App.4th at pp. 479, 481–483 [defendants appealed denial of requests to seal information produced in discovery under protective order]; *Marino v. Rayant* (2025) 110 Cal.App.5th 846, 850, 855, fn. 2 [defendant appealed from denial of request to seal restraining order proceedings, which defendant contended were making it difficult for him to apply for jobs and increasing the scrutiny he faced by airport authorities when returning from international travel]; *In re Marriage of Tamir* (2021) 72 Cal.App.5th 1068, 1077, 1078, fn. 5, 1087–1089 [unsealing documents including financial records from divorce and related proceeding was appealable]; *In re Marriage of Nicholas* (2010) 186 Cal.App.4th 1566, 1569, 1573, fn. 3 (*Nicholas*) [unsealing documents from contentious marital dissolution proceeding was appealable]; *In re Marriage of Burkle* (2006) 135 Cal.App.4th 1045, 1050, 1051, fn. 6 [vacating provisional sealing order concerning financial and other records from divorce proceeding was appealable]; *In re Providian Credit Card Cases* (2002) 96 Cal.App.4th 292, 296–297, fn. 2, 308 [unsealing defendants' alleged trade secrets was an act against defendants]; *In re Marriage of Lechowick* (1998) 65 Cal.App.4th 1406, 1408–1410 [order denying journalist's motion to unseal records in a marital dissolution proceeding was

appealable]; *Gilbert v. National Enquirer, Inc.* (1996) 43 Cal.App.4th 1135, 1148, fn. 3, 1149 [unsealing information about appellant's drug use, alcohol, and sexual relationships was appealable].)  Indeed, it remains debatable whether the modification order modified the sealing order at all.  The sealing order had always applied to the "parties" and their attorneys.  Although the stipulation treated "the Parties" as a defined term, "the parties" was not a defined term in the sealing order.  Thus, the sealing order's own terms could reasonably be interpreted to grant the Attorney General self-executing access—without need for modification—once the Attorney General became party to the suit.

Even if the modification order might be appealable as a collateral order, appellants lack standing to challenge the order because they are not aggrieved by the order.  (See *Six4Three, LLC v. Facebook, Inc.* (2020) 49 Cal.App.5th 109, 115; see also Code Civ. Proc., § 902.)  "[A] party is aggrieved if an order 'injuriously affect[s]' its rights or interests.  [Citation.]  The injured interest must be 'recognized by law' [citation], and the injury must be 'immediate, pecuniary, and substantial'; it cannot be nominal or be ' " 'a remote consequence of the judgment.' " ' " (*Six4Three*, at p. 115.)  The order does not injuriously affect appellants' rights or interests.

Appellants contend that they are aggrieved because the modification order deprives them of their right to have the case adjudicated in public.  Not so.  The modification order granted the Attorney General access to the sealed records as a party intervening in ongoing litigation.  The modification order in no way altered the scope of the information that can, and cannot, be filed publicly in the CEQA litigation.  Although appellants complain that they are unable to resort to sealed records to respond—"in the court of public opinion"—to the Attorney General's allegation that the CEQA process was " 'rushed,' " that constraint was an express purpose of the stipulated sealing order, which was entered after the Amah Mutsun had made the same allegation.  The injury appellants claim was the logical and intended end of the sealing order to which appellants stipulated.  Appellants' belief there is a greater public interest in disclosure now that the

Attorney General has intervened is a ground to argue in a motion to unseal, not in this context.[2]

Appellants' asserted concern for public access to future filings may be raised—by a proper motion—in the trial court: To the extent appellants dispute that Volume III comprises only "records that are required to be kept confidential by law" (Cal. Rules of Court, rule 2.550(a)(2))[3] and that are therefore exempt from operation of rules 2.550 and 2.551, they may move to unseal the records (rule 2.551(h)(2)) and may oppose any request to seal future filings. But the order appellants have appealed is not a source of the injury that they claim as their basis for standing.

Equally unavailing are appellants' suggestions that the modification order is tantamount to an unsealing order such that it requires a court to reassess issues not raised by the motion, including whether the records are properly kept sealed from the public.

Rule 2.550(d) requires a trial court to make specified findings before it may order that a record be filed under seal. It does not require the same findings when a court unseals material or narrows the scope of a prior sealing order. Rather, rule 2.551(h)(4) requires courts to "consider" the same "matters" in determining whether to unseal a record. Rule 2.551(h)(5) requires the court to "specify the particular records that are

[2] We reject appellants' premise that participation as a party by "the People of the State of California" makes the interest in universal access to all evidence before the fact finder presumptively dispositive. (See, e.g., Gov. Code, § 65352.4 [acknowledging " 'tribes' potential needs for confidentiality with respect to places that have traditional tribal cultural significance"]; Pub. Resources Code, §§ 21080.3.1, subd. (b) [incorporating Gov. Code, § 65352.4], 21082.3, subd. (c)(1) [prohibiting disclosure to the public of "[a]ny information submitted by a California Native American tribe during the … environmental review process"].)

[3] Undesignated rules references are to the California Rules of Court.

8

unsealed" and "the particular persons who may have access to the record" if it "unseals only part of the record or unseals the record only as to certain persons."[4]

The rules supply no basis to compel the trial court to reconsider its sealing order more broadly than a noticed motion for unsealing requires.[5] Instead, the rules expressly require a noticed motion before sealed records may be unsealed: Rule 2.551(h)(3) precludes the trial court from ordering a record unsealed on its own motion without giving the parties notice and a reason for unsealing the record; rule 2.551(h)(2) requires a party seeking to have a record unsealed to make that request by noticed motion. So appellants' opposition to the Attorney General's duly noticed motion was not a proper vehicle for the relief it sought. Appellant's contrary position both flouted rule 2.551(h)(2) and invited the trial court to flout rule 2.551(h)(3). In issuing the modification order, the court ruled on no more and no less than the limited question raised by the Attorney General's motion. It had neither the occasion nor the authority to reach the question appellants would like us to review.

Were we to reach the merits of the appeal, we would find it meritless for the same reasons. Appellants' unsupported premise is that the Attorney General, to obtain access to the sealed records, had to support and defend the original sealing order to which appellants had stipulated. Under this novel theory, appellants contend that either (1) the Attorney General should be denied any access to the sealed records because the Attorney General failed to demonstrate that they had been properly sealed in the first place; or (2) the Attorney General should be given access only if the records are made universally

---

[4] We note that the challenged modification order did not change the status of any previously sealed record or authorize access for anyone other than the " 'parties and their respective attorneys' " for the purpose of "fully participat[ing] as a party in the case."

[5] Appellants' invocation of *Nicholas* is inapt. Nothing in the *Nicholas* court's discussion of revisiting sealing orders obviates the need for a noticed motion. (*Nicholas*, *supra*, 186 Cal.App.4th at pp. 1575, 1577; see also rule 2.551(h)(2)–(3).)

accessible. The Attorney General should, in other words, have no greater access to protected material than persons or entities lacking any interest in the litigation. Even construing the motion as seeking to unseal the records "as to [a] certain person[]" (rule 2.551(h)(5)), the Attorney General did not seek to unseal the records as to the public but pledged to abide the confidentiality requirements applicable to all parties in the case. We fail to discern the logic of putting the Attorney General to the burden of demonstrating that the records are properly sealed when the Attorney General had no role in the original sealing and merely seeks access—coextensive with the original parties'—to records that were already sealed by appellants' stipulation.[6]

**B.     *Motion to Unseal the Appellate Record***

At appellants' request, the administrative record was transmitted to this court. (See rules 8.121(b)(1) & 8.123(b)(1).) Because Volume III was sealed by the trial court, it remains sealed in this court. (See rule 8.46(b).) Seven weeks after the filing of respondents' briefs, appellants moved this court to unseal Volume III. (See rule 8.46(f)(2).) Through this motion, appellants ask us to decide, in the first instance, whether Volume III may properly remain sealed. (See rule 8.46(f)(5).) But our dismissal of the appeal requires no consideration of the administrative record, so we will instead strike the administrative record from the record on this improper appeal.[7] (See

---

[6] Because we express no opinion on the propriety of the trial court's sealing or unsealing any part of Volume III, we deny the Attorney General's October 27, 2025 request for judicial notice filed in support of their respondent's brief.

[7] " 'Courts prefer to rest their decisions upon the merits of causes, rather than to spend time on matters collateral to questions on appeal.' " (*Diaz-Barba v. Superior Court* (2015) 236 Cal.App.4th 1470, 1481.) For example, courts prefer to consider appeals " 'on all of the briefs submitted, rather than to spend time determining what, if any, portions of briefs are or are not relevant, or should or should not be stricken out.' " (*Id*. at p. 1482.) Here, however, striking a broad category of irrelevant material from the appellate record obviates any need to resolve a question not presented by this improper appeal.

*Overstock*, *supra*, 231 Cal.App.4th at p. 500 [explaining that striking irrelevant material obviates the need to address related sealing issues]; *Oiye*, *supra*, 211 Cal.App.4th at p. 1070 [noting "the court's control" of its files and records]; rule 8.121(b)(2) [limiting requirement that appellants request transmittal of administrative record to circumstance where appellate claim requires consideration of that record]; see also rule 8.123(e) [providing for return of administrative record].)  Appellants' December 16, 2025 motion to unseal is denied.[8]

## III.    DISPOSITION

The appeal is dismissed.  The Amah Mutsun Tribal Band and the Attorney General shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)

---

[8] Because we do not reach the motion's merits, we also deny the Attorney General's January 14, 2026 request for judicial notice in support of his opposition to the motion and appellants' January 16, 2026 application for leave to file a reply in support of the motion.

_____

LIE, J.

WE CONCUR:

_____

GROVER, Acting P. J.

_____

WILSON, J.

*Ruhnke et al. v. The Amah Mutsun Tribal Band*
H053010